United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY DOYLE YOUNG,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.
_______________________________________/

No. C 13-0354 SBA (pr)

**ORDER OF TRANSFER**

On January 25, 2013, Petitioner Timothy Doyle Young, who is incarcerated at the United States Penitentiary (USP) in Florence, Colorado, filed a document styled as "Habeas Corpus." In his pleading, however, Petitioner summarily alleges that the Prison Litigation Reform Act is unconstitutional because its grievance procedures violate the Fifth Amendment Due Process Clause and because the Bureau of Prisons fails to grant a sufficient number of grievances filed by inmates. Petitioner does not challenge his conviction or sentence.

A petition for writ of habeas corpus is used to challenge the fact or duration of a prisoner's confinement. Prieser v. Rodriguez, 411 U.S. 475, 484 (1973). In contrast, a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of confinement. 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Where the defendant is alleged to be the United States, a civil rights claim is appropriately brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Because Petitioner's

claims arise from the conditions of his confinement at USP-Florence, the Court liberally construes his pleading as a civil rights complaint under Bivens.

The federal venue statute, 28 U.S.C. § 1391(b), requires that a civil action, other than one based on diversity jurisdiction, be brought only in (1) a judicial district where any defendant resides, if all of the defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

In the instant case, all of the events or omissions giving rise to Petitioner's claims occurred in Florence, Colorado, which lies within the venue of the District of Colorado. Therefore, the Court finds that the interests of justice warrant transferring this action to the judicial district where venue is proper. See 28 U.S. C. § 1406(a). Accordingly,

IT IS HEREBY ORDERED that the Clerk shall transfer this action to the United States District Court for the District of Colorado. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

DATED: 2-14-13

Saundra B Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY DOYLE YOUNG,

Plaintiff,

v.

UNITED STATES et al,

Defendant.
_____________________________________/

Case Number: CV13-00354 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 19, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy Doyle Young #:Reg. No. 6001
U.S. Penitentiary - Max - ADX
P.O. Box 8500
Florence, CO 81226-8500

Dated: February 19, 2013

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk